**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| QUEEN CHARLOTTE FRANKLIN, | Case No. 1:24-cv-610 |
| Plaintiff, | Cole, J. |
| | Bowman, M.J. |
| v. | |
| HAMILTON COUNTY SHERIFFIE, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

On October 25, 2024, Plaintiff Queen Charlotte Franklin moved for leave to file the above-captioned complaint in this Court *in forma pauperis*, or without payment of fees. (Doc. 1). Attached to Plaintiff's motion/application is a copy of the proposed complaint. (Doc. 1-1).

**I. General Screening Authority**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. As a result, the complaint is now before the Court for a sua sponte review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.

*Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); see also *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Although a plaintiff's pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual

2

allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

**II. Analysis of Complaint**

The Court takes judicial notice of the fact that the undersigned recommended dismissal of another complaint filed by the same Plaintiff on September 26, 2024. *See Franklin v. Dieffenbach*, No. 1:24-cv-624-JPH-SKB (Doc. 4). On the date that she imitated this action, Plaintiff filed objections to that Report and Recommendation ("R&R"), which remain pending before the presiding district judge. Additionally, as noted in the prior R&R, the same Plaintiff filed a pro se complaint in 2022 that was also dismissed on initial screening. (*Id*., PageID 41, n.2, citing *Franklin-Samuels v. Soc. Sec. Admin*., et al., No. 1:22-cv-774-MWM-KLL). And on the same date that she initiated the above-captioned case, Plaintiff initiated *Franklin v. U.C. Drake Hospital*, No. 1:24-cv-611-JPH-KLL, a case that has yet to be screened.

In the instant case, Plaintiff has tendered her complaint on the complaint form often used by pro se litigants. However, the portion of the form that requires Plaintiff to list "previous lawsuits" has been left blank. (Doc. 1-1, PageID 7). Plaintiff identifies her name as "Queen Charlotte Franklin," and identifies the Defendants as follows: (1) Hamilton County Sheriffie; (2) Beckett Spring Hospital; (3) Mercy Jewish Hospital; (4) Mercy South Hospital; and (5) Trans Living Care. Plaintiff has checked boxes to assert that both federal

3

question and diversity jurisdiction exist, including jurisdiction for a civil rights lawsuit under 28 U.S.C. § 1343(3). (Doc 1-1, PageID 5).

Under Statement of Claim and the Relief sections of the form, Plaintiff has written the following:

> This all started December 26[,] 75. Two officers, sherfiffe, came to my [residence]…. Took me to Rollman's Hospital [where] my mother had me probated, because I told the [gentleman] that my mother had me and my grandparents voo doo with black magic. Not knowing my husband was also involved with it as well. From U.C. on the 6th Floor the doctor says to me if I didn't tell, he would release me. It has continued from there on, none stop! Until October 11, 2024. My rights my liberty as a [citizen] of the U.S.A. My mother, 1st husband – 2nd husband among other people wanting to <u>kill me</u>. Because I am a child of the most high God & Lord Jesus Christ! I have been also in Columbus Ohio hospital and Jail….Also St. Elizabeth Psychiatric Hospital….

[continued under "Relief" section]

> And I have a scar I'll take to heaven when I leave here, that when the almighty God calls me home!!! I am here to the will of the Lord Jesus Christ and help my brothers and sisters under the blood of Jesus and those that will let me. The Sheriffie Dept. will not let me go to court. Each time I am injected with force meds against my wishes, and will not let speak the Judge for myself then take all my belongings.

(Doc. 1-1, PageID 6-7, capitalization and some punctuation errors corrected for legibility). Plaintiff's complaint is devoid of any express request for relief from any Defendant.

In general, Plaintiff's complaint form fails to contain sufficient factual detail under the basic pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, Plaintiff fails to provide any basis for the subject matter jurisdiction of this Court. Diversity jurisdiction does not appear to exist because both Plaintiff and all Defendants reside in

Ohio.[1] And it does not appear that any Defendant who is subject to suit[2] is a state actor who could be held liable for a civil rights violation under 42 U.S.C. § 1983. Even if Plaintiff included additional factual details, she could not state a civil rights claim as a matter of law. Therefore, the complaint should be dismissed for lack of subject matter jurisdiction and for failure to state a claim under 28 U.S.C. §§1915(e)(2)(B)(ii) and 1915A(b)(1)).

### III. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT** all claims contained in Plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. §1915(e)(2)(B).

     *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[1] Plaintiff identifies her current address as 4251 Hamilton Ave., Cincinnati, Ohio. The same address is identified in public records as the location of Revelation Spiritual Church. See https://revelationspiritualchurch.com/index.html (accessed on October 30, 2024).

[2] To the extent that Plaintiff has named the Hamilton County Sheriff's Department, that entity is not capable of being sued. *See, e.g., Bay v. Clermont Cty. Sheriff's Dep't,* No. 1:08-cv-376, 2009 WL 2495774, at *2 (S.D. Ohio Aug. 12, 2009) (Dlott, J.; Black, M.J.) (and cases cited therein)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| QUEEN CHARLOTTE FRANKLIN, | Case No. 1:24-cv-610 |
| Plaintiff, | Cole, J. |
| v. | Bowman, M.J. |
| HAMILTON COUNTY SHERIFFIE, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

6