UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

QUEEN CHARLOTTE FRANKLIN,

    Plaintiff,

  v.

HAMILTON COUNTY
SHERIFFIE, et al.,

    Defendants.

Case No. 1:24-cv-610

JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

### ORDER

Plaintiff Queen Charlotte Franklin has been on something of a filing spree of late. During a two-week span at the beginning of 2025, Franklin, proceeding pro se and in forma pauperis (IFP), filed twenty lawsuits in this District. Many of those lawsuits rest on nearly incomprehensible (and sometimes illegible) allegations involving "black magic."[1] The instant lawsuit, however, predates that spate of actions by a few months. Franklin filed it in October 2024. Much as with her other more recent actions, though, the Magistrate Judge assigned to this case, exercising her authority under 28 U.S.C. § 1915(e)(2), screened Franklin's Complaint and found it wanting. As a result, the Magistrate Judge issued a Report and Recommendation (R&R, Doc. 4), recommending that the Court dismiss the Complaint.

---

[1] Franklin's litigation history is more thoroughly detailed in one of the Court's previous Orders dismissing another one of Franklin's many complaints. *Franklin v. United States Postal Service*, 1:25-cv-60, 2025 WL 957556, at *1 nn.1 & 2 (S.D. Ohio Mar. 31, 2025).

For the reasons briefly laid out below, the Court largely **ADOPTS** the R&R (Doc. 4), **OVERRULES** Franklin's Objection (Doc. 5), and **DISMISSES** the Complaint (Doc. 3) **WITHOUT PREJUDICE**. Also, given the frivolous nature of this Complaint, coupled with her more recent litigation behavior, the Court **WARNS** Franklin that if she files any new cases that are factually and legally frivolous or fail to state a claim for relief under screening standards, the Court will deem her a vexatious litigator.

When she filed her Complaint, Franklin also sought leave to pursue this action IFP. (Doc. 1). In connection with granting that motion, the Magistrate Judge exercised her authority to screen the Complaint for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Based on her review, she issued an R&R concluding that the Court lacks subject-matter jurisdiction, and that the Complaint fails to state a claim upon which relief may be granted. (Doc. 4, #20–21). Within the required fourteen-day timeline, Franklin objected to the R&R. (Doc. 5).[2]

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review an R&R de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or

---

[2] Franklin also filed a document titled "Responing [sic]" on February 3, 2025. (Doc. 9). The Court construes that filing as a response to the Magistrate Judge's January 2, 2025, Order, which denied as moot Franklin's second motion for leave to file IFP (the Magistrate Judge had already granted Franklin's first motion for leave to file IFP). (Doc. 8). The Court therefore need not address Document 9.

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

But that review extends "only to any portion [of the R&R] to which a proper objection was made." *Bates*, 2023 WL 4348835, at *1 (quotation omitted). A proper objection, moreover, is one that is "clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). And a court need not provide de novo review where the objections are frivolous or conclusory. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Slater v. Potter*, 28 F. App'x 512, 512–13 (6th Cir. 2002).

For unobjected portions of the R&R, "the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

Here, Franklin's Complaint names five Defendants: the Hamilton County Sheriffie (sic) Department, Beckett Spring Hospital, Mercy Jewish Hospital, Mercy South Hospital, and Trans Living Care. (Doc. 3, #12). In terms of facts, she alleges that "two sheriffs" took her from her residence to "Rollman's Hospital" where her mother "had [her] probated" because she told someone that her "mother had [her] and

3

[her] grandparents voo doo with black magic." (*Id.* at #13). Franklin claims her "husband was also involved" in some way or another. (*Id.*). She goes on to allege that the sheriff's department "will not let [her] go to court," that unidentified individuals have "injected [her] with force meds against [her] wishes," and that someone has "take[n] all [her] belongings," among a few other things. (*Id.* at #14).

The Magistrate Judge, in recommending dismissal, first noted that the Complaint "is devoid of any express request for relief from any Defendant." (Doc. 4, #20). Beyond that, the R&R concluded that the Complaint fails to state a claim under the *Iqbal/Twombly* paradigm because it lacks factual detail. (*Id.*). And the R&R found that the Court lacks subject-matter jurisdiction because (1) Franklin and each Defendant seemingly reside in Ohio, destroying diversity jurisdiction, and (2) none of the Defendants are state actors subject to suit under 42 U.S.C. § 1983 (including the Hamilton County Sheriff's Department, which is not sui juris). (*Id.* at #20–21 & n.2).

Franklin objected—nominally anyway. (Doc. 5). Her "Objection" starts by stating that she "filed complaints and had more but didn't get to turn them in" yet, (*id.* at #23), perhaps foreshadowing the run of filings she made in early 2025. Then it discloses that Franklin "was in the nest of a lot of witches and warlocks." (*Id.*). And the filing goes on to describe various faith-based beliefs Franklin holds. (*See id.* at #24–26). In short, Franklin's Objection does not mention the R&R, much less raise any specific objections to it.

In any event, after reviewing the Complaint, the Court agrees with the Magistrate Judge that it does not clear the screening standards. Perhaps most

importantly, the Court agrees that, based on the allegations, the Court lacks subject-matter jurisdiction. It seems that Franklin and all Defendants are Ohio citizens, which eliminates diversity jurisdiction. *See* 28 U.S.C. § 1332(a). And the Court also agrees that federal question jurisdiction is lacking, though the Court quibbles with the exact wording the R&R used to report that conclusion. The R&R noted that even if Franklin included additional factual details in her Complaint, she could not state a civil rights claim because none of the Defendants appear to be state actors subject to suit under § 1983. (Doc. 4, #21). In other words, one could read the R&R as equating "under color of state law" with "conduct by a state official."

While § 1983 generally applies only against state officials, "[a] private actor may be considered a person acting under color of state law," *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003), if that actor's "conduct is fairly attributable to the state." *McCarthy v. Middle Tennessee Elec. Membership Corp.*, 466 F.3d 399, 411 (6th Cir. 2006) (quotations omitted). Franklin's problem here, though, is that her allegations fail to explain how the private hospitals' and living care facility's conduct is in any way attributable to the state.[3] And given that the Court cannot discern any other viable federal claim in the Complaint, the Court ultimately agrees with the R&R that it lacks subject-matter jurisdiction.

Although the Magistrate Judge did not formally warn Franklin that continuing to file lawsuits that are dismissed sua sponte on initial screening will result in a

---

[3] The Court agrees with the R&R that the Hamilton County Sheriff's Department (if that is the entity Franklin intends to sue) is not sui juris and thus incapable of being sued under § 1983 or otherwise. *Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014).

vexatious litigant designation, the Court issues such a warning. Significant judicial resources and court time have been spent screening Franklin's numerous complaints, many (if not all) of which appear to make wholly frivolous allegations or fail to state a plausible claim. As such, the Court **WARNS** Franklin that filing any new cases that are factually and legally frivolous or fail to state a claim for relief under screening standards will result in her designation as a vexatious litigator.

Beyond that, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith, thus **DENYING** Franklin leave to appeal IFP. But as a non-prisoner, Franklin may nonetheless apply to proceed IFP in the Sixth Circuit Court of Appeals. Fed. R. App. P. 24(a); *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); *Miller v. Hudson*, No. 1:24-cv-98, 2024 WL 1704532, at *3 (S.D. Ohio Apr. 19, 2024), *appeal dismissed*, No. 24-3384, 2024 WL 3634240 (6th Cir. June 3, 2024).

For the reasons explained, the Court largely **ADOPTS** the R&R (Doc. 4), **OVERRULES** Franklin's Objection (Doc. 5), and **DISMISSES** the Complaint (Doc. 3) **WITHOUT PREJUDICE** because the Court lacks subject-matter jurisdiction.[4] Lastly, the Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on its docket.

---

[4] While the Court dismisses the claims without prejudice, the dismissal is "preclusive of [Franklin's] ability to refile in federal court." *Kelly v. Phifer*, No. 1:22-cv-399, 2022 WL 17037566, at *3 n.3 (S.D. Ohio Nov. 17, 2022).

**SO ORDERED.**

April 11, 2025
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

7